# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

UNITED STATES OF AMERICA     )
                                       )
       v.                         )     CASE NO.: 1:11-CR-26-TLS
                                         )
AUGUSTINE L. LUNA           )

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion to Determine Competency [ECF No. 131]. In this Motion, the Defendant's counsel requested that the Court set the matter for a hearing to determine the Defendant's mental competency to properly aid counsel in preparation of a defense, to understand the nature and consequences of the proceedings, and to stand trial. Further, the Defendant's counsel requested, pursuant to 18 U.S.C. § 4241(b), that the Court order a psychiatric or psychological examination of the Defendant and that the resulting report be filed with the Court. According to the Defendant's counsel, the Defendant had exhibited behavior consistent with a possible mental disease or defect. By Order [ECF No. 137] dated July 16, 2012, the Court ordered that a licensed professional conduct a psychological or psychiatric examination of the Defendant and complete a report addressing the Defendant's competency to stand trial.

A forensic psychologist conducted an independent psychological examination of the Defendant. On October 10, 2012, the Court received a Forensic Report containing the following: the Defendant's history and present symptoms; a description of the psychiatric, psychological, and medical tests that were employed and their results; the examiner's findings; and the examiner's opinions as to diagnosis, prognosis, and the Defendant's mental competency to understand the nature and circumstances of the proceedings and to assist properly in his defense.

The examiner concluded that the Defendant maintains a fundamentally factual and rational understanding of his current legal proceedings and has the capacity to assist counsel in preparation of a defense strategy.

Upon receipt of the Report, which was also distributed to counsel for the Defendant and the Government, the Court conducted a telephone status conference on October 15, 2012. During the conference, the Defendant's counsel represented that the Defendant did not dispute the findings in the Report that the Defendant was mentally competent to stand trial, and declined the opportunity to have an evidentiary hearing on the Defendant's competency.

Given the findings set forth in the Forensic Report and the Defendant's representation that he does not dispute those findings, the Court finds that there is no reasonable cause to believe that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, to understand the nature and consequences of the proceedings against him, or to stand trial, and that there is thus no basis for a hearing to determine competency. To the extent that the Defendant's Motion [ECF No. 131] requests a hearing to determine his mental competency, that request has been rendered MOOT by the Defendant's representation that he no longer wishes to proceed with the hearing in light of the Forensic Report. To the extent the Defendant's Motion requests that the Court determine his mental capacity [ECF No. 131], the Court now finds that because it has not been established by a preponderance of evidence that the Defendant currently suffers from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to properly assist in his defense, or to understand the nature and consequences of the proceedings against him, that he is mentally competent to stand trial.

SO ORDERED on October 17, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT